VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 115-10-19 Vtec



| Zins 2-Lot Subdivision Denial |
|---|

## CLARIFICATION OF PRIOR ENTRY REGARDING MOTION

Title:       Motion for Partial Summary Judgment

Filer:       David W. Rugh, attorney for the Town of Charlotte

Filed Date:  January 31, 2020

Response in Opposition and Cross Motion for Partial Summary Judgment filed on February 28, 2020, by Liam L. Murphy, attorney for Appellant Andrew Zins.

Reply in Support of the Town's Motion for Partial Summary Judgment and Opposition to Cross Motion for Summary Judgment, filed on April 3, 2020, by David W. Rugh, attorney for the Town of Charlotte.

Reply in Support of Appellant's Cross-Motion for Partial Summary Judgment and Opposition to Town's Motion for Partial Summary Judgment, filed April 20, 2020, by Liam L. Murphy, attorney for Appellant Andrew Zins.

Up on further review of our December 15, 2020 Entry Order addressing the parties' cross-motions for summary judgment, the Court realized that it was less than clear on its specific determinations as to each party's motion. We therefore issue this subsequent Entry Order to provide some needed clarification.

Based upon the analysis in our prior Entry Order, specifically that Applicant/Appellant's Questions 1 and 2 constituted impermissible collateral attacks upon a final permit condition, we concluded that Applicant's summary judgment request as to Questions 1 and 2 must be **DENIED**.

For those same reasons, we concluded that the Town of Charlotte is entitled to summary judgment on the narrow legal issues presented by Questions 1 and 2. However, we refrained from specifically announcing a partial summary judgment in the Town's favor on those issues in

*Entry Regarding Motion*                                                                    *Page 1 of 2.*

*Zins 2-Lot Subdivision Denial*, 115-10-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 18, 2020) (Durkin, J.).

an effort to avoid any confusion over the separate legal issue of whether a "final" land use decision may be amended, under the precedents of <u>In re Stowe Club Highlands</u>, 166 Vt. 33, 37–38 (1996) and <u>In re Hildebrand</u>, 2007 VT 5, ¶ 11, 181 Vt. 568.

We therefore crafted our prior Entry Order in an effort to announce our determinations on Question 1 and 2, while acknowledging that the legal issues in the separate but parallel Questions 3, 4 and 5 must be addressed prior to a full entry of judgment in this land use appeal.

We apologize for any confusion that our prior analysis may have caused. We hope that this Entry Order provides the needed clarification. As to whether the legal issues raised in Applicant's Questions 3, 4 and 5 are best addressed by further pre-trial motion practice, or at a merits hearing, we look forward to the parties' respective notices or other filings by **Friday, January 15, 2021.**

**So Ordered.**

Electronically signed on December 18, 2020 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

*Zins 2-Lot Subdivision Denial*, 115-10-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 18, 2020) (Durkin, J.).